**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SYMBOLOGY INNOVATIONS LLC

      Plaintiff,                      CIVIL ACTION NO. 1:18-cv-00879-MEH

      v.

OTTER PRODUCTS, LLC

      Defendant.

---

## OTTER PRODUCTS, LLC's ANSWER AND COUNTERCOMPLAINT

---

Defendant Otter Products, LLC ("OtterBox") answers the allegations of Plaintiff Symbology Innovations, LLC ("Symbology") as follows:

### NATURE OF THE ACTION

1.      OtterBox objects to this Paragraph to the extent it calls for a legal conclusion. OtterBox admits that what appears to be a copy of U.S. Patent Nos. 8,424,752 ("the '752 patent") is attached as Exhibit A to the Complaint. OtterBox admits that what appears to be a copy of U.S. Patent No. 8,651,369 ("the '369 patent") is attached as Exhibit B to the Complaint. OtterBox admits that what appears to be a copy of U.S. Patent No. 8,936,190 ("the '190 patent") is attached as Exhibit C to the Complaint. OtterBox admits that the Complaint purports to allege civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271. OtterBox denies that the Complaint properly states such a claim and specifically denies any wrongdoing or infringement, and further denies that Plaintiff is entitled to any relief, including damages, attorneys' fees, or costs.

## THE PARTIES

2.      OtterBox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denies them.

3.      Admitted.

## JURISDICTION AND VENUE

4.      OtterBox admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) because Plaintiff has alleged infringement of a patent, but denies that OtterBox has committed or is committing infringement of any valid, enforceable claim of the asserted patents or that Plaintiff is entitled to any requested relief.

5.      OtterBox objects to this Paragraph to the extent it calls for a legal conclusion. OtterBox admits that it conducts business in the State of Colorado.  OtterBox denies it has committed or is committing acts of infringement of any valid, enforceable claim of the asserted patents, including within the State of Colorado or in this judicial district and, on that basis, denies the remaining factual allegations of Paragraph 5 of the Complaint.  OtterBox is not contesting personal jurisdiction in this case.

6.      OtterBox admits that it does business in this forum.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the asserted patents.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox is not contesting personal jurisdiction in this case.

7.      OtterBox objects to this Paragraph to the extent it calls for a legal conclusion. OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the asserted patents in this district or elsewhere.   OtterBox admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  OtterBox denies the remaining allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

### *'752 patent*

8.       OtterBox admits that, on its face, Exhibit A attached to the Complaint states that the '752 patent was issued by the USPTO on April 23, 2013 and is entitled "System and method for presenting information about an object on a portable electronic device."  OtterBox denies that the '752 patent was duly and legally issued.  OtterBox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9.       OtterBox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.

10.       OtterBox admits that, on its face, Exhibit A attached to the Complaint purports to be a copy of the '752 patent that appears to contain three independent and twenty-five dependent claims.  OtterBox denies the remaining allegations in Paragraph 10 of the Complaint.

11.       OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox admits that the claims of the '752 patent speak for themselves, but denies any characterizations inconsistent therewith contained in Paragraph 11 of the Complaint.  OtterBox denies any remaining allegations in Paragraph 11 of the Complaint.

### *'369 patent*

12.       OtterBox admits that, on its face, Exhibit B attached to the Complaint states that the '369 patent was issued by the USPTO on February 28, 2014.  OtterBox admits that, on its face, Exhibit B states the '369 patent is entitled "System and method for presenting information about an object on a portable device," but denies that the '369 patent title contains the word "electronic."  OtterBox denies that the '369 patent was duly and legally issued.  OtterBox is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.     OtterBox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14.     OtterBox admits that, on its face, Exhibit B attached to the Complaint purports to be a copy of the '369 patent that appears to contain three independent and twenty-five dependent claims.  OtterBox denies the remaining allegations in Paragraph 14 of the Complaint.

15.     OtterBox objects to this Paragraph to the extent it calls for a legal conclusion. OtterBox admits that the claims of the '369 patent speak for themselves, but denies any characterizations inconsistent therewith contained in Paragraph 15 of the Complaint.  OtterBox denies any remaining allegations in Paragraph 15 of the Complaint.

*'190 patent*

16.     OtterBox admits that, on its face, Exhibit C attached to the Complaint states that the '190 patent was issued by the USPTO on January 20, 2015 and is entitled "System and method for presenting information about an object on a portable electronic device."  OtterBox denies that the '190 patent was duly and legally issued.  OtterBox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

17.     OtterBox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies them.

18.     OtterBox admits that, on its face, Exhibit C attached to the Complaint purports to be a copy of the '190 patent that appears to contain three independent and seventeen dependent claims.  OtterBox denies the remaining allegations in Paragraph 18 of the Complaint.

19.     OtterBox objects to this Paragraph to the extent it calls for a legal conclusion. OtterBox admits that the claims of the '190 patent speak for themselves, but denies any characterizations inconsistent therewith contained in Paragraph 19 of the Complaint.  OtterBox denies any remaining allegations in Paragraph 19 of the Complaint.

<u>**COUNT I**</u>
<u>**INFRINGEMENT OF THE '752 PATENT**</u>

20.     OtterBox incorporates its answers to each of the foregoing Paragraphs 1 to 19 as though fully restated herein.

21.     Denied.

22.     Denied.

23.     Denied.

24.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 23 as though fully restated herein.  OtterBox admits that a Quick Response (QR) code has appeared on certain OtterBox product packaging.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 24 of the Complaint.

25.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 24 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 25 of the Complaint.

26.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 25 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any

valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 26 of the Complaint.

27.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 26 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 27 of the Complaint.

28.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 27 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 28 of the Complaint.

29.     OtterBox incorporates its answers to each of the foregoing Paragraphs 21 to 28 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 29 of the Complaint.

30.     Denied.

31.     Denied.

32.     OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent in this district or elsewhere and, on that basis, denies that Symbology has suffered any monetary damages or is entitled to a monetary judgment, interests, or costs.  OtterBox denies any remaining factual allegations of Paragraph 32.

33.     Denied.

## COUNT II
## INFRINGEMENT OF THE '369 PATENT

34.     OtterBox incorporates its answers to each of the foregoing Paragraphs 1 to 33 as though fully restated herein.

35.     Denied.

36.     Denied.

37.     Denied.

38.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 37 as though fully restated herein.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 38 of the Complaint.

39.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 38 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 39 of the Complaint.

40.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 39 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 40 of the Complaint.

41.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 40 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal

conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 41 of the Complaint.

42.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 41 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 42 of the Complaint.

43.     OtterBox incorporates its answers to each of the foregoing Paragraphs 35 to 42 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 43 of the Complaint.

44.     Denied.

45.     Denied.

46.     OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent in this district or elsewhere and, on that basis, denies that Symbology has suffered any monetary damages or is entitled to a monetary judgment, interests, or costs.  OtterBox denies any remaining factual allegations of Paragraph 46.

47.     Denied.

## COUNT III
## INFRINGEMENT OF THE '190 PATENT

48.     OtterBox incorporates its answers to each of the foregoing Paragraphs 1 to 47 as though fully restated herein.

49.     Denied.

50.     Denied.

51.     Denied.

52.     OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 51 as though fully restated herein.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 52 of the Complaint.

53.     OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 52 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 53 of the Complaint.

54.     OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 53 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 54 of the Complaint.

55.     OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 54 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 55 of the Complaint.

56.    OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 55 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 56 of the Complaint.

57.    OtterBox incorporates its answers to each of the foregoing Paragraphs 49 to 56 as though fully restated herein.  OtterBox objects to this Paragraph to the extent it calls for a legal conclusion.  OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 57 of the Complaint.

58.    Denied.

59.    Denied.

60.    OtterBox denies that it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent in this district or elsewhere and, on that basis, denies that Symbology has suffered any monetary damages or is entitled to a monetary judgment, interests, or costs.  OtterBox denies any remaining factual allegations of Paragraph 60.

61.    Denied.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

62.    OtterBox denies that the Complaint properly states a claim so triable, and specifically denies any wrongdoing or infringement.

## RESPONSE TO PRAYER

OtterBox denies Symbology is entitled to any relief, including any relief form OtterBox, and prays this Court denies all relief demanded by Symbology in its claims.

## **AFFIRMATIVE DEFENSES**

Further answering Symbology's Complaint and as additional defenses thereto, OtterBox asserts the following affirmative defenses, without admitting any allegations not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on Symbology. OtterBox reserves the right to allege additional affirmative defenses as they become known through the course of discovery.

### **First Affirmative Defense**
### **(Failure to State a Claim)**

Symbology fails to state any cause of action upon which relief may be granted.

### **Second Affirmative Defense**
### **(Non-Infringement of U.S. Patent No. 8,424,752)**

OtterBox has not infringed, neither literally nor under the doctrine of equivalents, any claim of United States Patent No. 8,424,752. Moreover, OtterBox has not infringed any claim of United States Patent No. 8,424,752.

### **Third Affirmative Defense**
### **(Non-Infringement of U.S. Patent No. 8,651,369)**

OtterBox has not infringed, neither literally nor under the doctrine of equivalents, any claim of United States Patent No. 8,651,369. Moreover, OtterBox has not infringed any claim of United States Patent No. 8,651,369.

### **Fourth Affirmative Defense**
### **(Non-Infringement of U.S. Patent No. 8,936,190)**

OtterBox has not infringed, neither literally nor under the doctrine of equivalents, any claim of United States Patent No. 8,936,190. Moreover, OtterBox has not infringed any claim of United States Patent No. 8,936,190.

### Fifth Affirmative Defense
### (Invalidity of U.S. Patent No. 8,424,752)

Symbology's purported claims for infringement are barred in whole or in part because one or more claims of United States Patent No. 8,424,752 are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

### Sixth Affirmative Defense
### (Invalidity of U.S. Patent No. 8,651,369)

Symbology's purported claims for infringement are barred in whole or in part because one or more claims of United States Patent No. 8,651,369 are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

### Seventh Affirmative Defense
### (Invalidity of U.S. Patent No. 8,936,190)

Symbology's purported claims for infringement are barred in whole or in part because one or more claims of United States Patent No. 8,936,190 are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

### Eight Affirmative Defense
### (Estoppel, Acquiescence, Waiver, and Unclean Hands)

Symbology's purported claims are barred, in whole or in part, by one or more of the equitable doctrines of estoppel, acquiescence, waiver, unclean hands, and/or other equitable remedies.

**Ninth Affirmative Defense**
**(Unenforceability)**

Symbology's purported claims are barred, in whole or in part, by the doctrine of inequitable conduct.

**Tenth Affirmative Defense**
**(Failure to Mark)**

To the extent that Symbology and any predecessors in interest to any of the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that OtterBox's actions allegedly infringe the Patents-in-Suit, OtterBox is not liable to Symbology for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

**Eleventh Affirmative Defense**
**(Statutory Limit on Damages)**

Symbology's claim for damages is statutorily limited by 35 U.S.C. § 286.

**Twelfth Affirmative Defense**
**(Prosecution History Estoppel)**

By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the Patents-in-Suit, Symbology's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

**Thirteenth Affirmative Defense**
**(Injunctive Relief Not Available)**

To the extent Symbology seeks injunctive relief for any claim, the relief sought by Symbology is unavailable because any alleged injury to Symbology is not immediate or

irreparable, the balance of hardships and public interest weights against the grant of an injunction, and because Symbology has an adequate remedy at law for any alleged injury.

### Fourteenth Affirmative Defense
### (Intervening Rights)

To the extent reeaxamination certificate(s) issue for the Patents-in-Suit, OtterBox has intervening rights under each of the Patents-in-Suit, as proscribed by 35 U.S.C. § 307(b).

### Fifteenth Affirmative Defense
### (Reservation of Remaining Defenses)

OtterBox reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery.

*        *        *

## COUNTERCLAIMS

Otter Products, LLC ("OtterBox"), by and through its attorneys, asserts the following counterclaims against Symbology Innovations, LLC ("Symbology") and alleges as follows:

## THE PARTIES

1.      OtterBox is a Colorado Limited Liability Company with its principal place of business at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

2.      OtterBox designs, manufactures, and sells protective cases and products for portable electronic devices, such as smart phones and tablets, for many popular brands, such as Apple, BlackBerry, Nokia, Samsung, and Sony.  OtterBox offers several lines of cases and products with different levels of protection against water, dust, drops, shocks, and scratches and different features.  *See, generally* http://www.otterbox.com.

3.      Based on representations by Symbology in the Complaint, Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

4.      On information and belief, Symbology does not manufacture or sell any products, rather its entire business consists of asserting patents against practicing entities.

## JURISDICTION AND VENUE

5.      OtterBox incorporates by reference Paragraphs 1–4 above.

6.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code ("U.S.C.").  The jurisdiction of this Court is proper pursuant to at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201–02.

7.      Symbology has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

8.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**FACTUAL BACKGROUND**

A.      **History of the QR Code**

9.      On information and belief, QR codes were invented by a Toyota subsidiary called Denso Wave Incorporated ("Denso Wave") in 1994. *See* http://www.qrcode.com/en/history/.

10.      Denso Wave went on to obtain numerous patents relating to QR code technology, including at least United States Patent Nos. 5,691,527 (issued Nov. 25, 1997); 5,726,435 (issued Mar. 10, 1998); and 7,032,823 (issued Apr. 25, 2006) (collectively, the "Selected Denso Patents"). *And see generally* "Patents pertaining to the QR Code," QRCode.com, *available at* http://www.qrcode.com/en/patent.html (last visited May 31, 2018).

11.      According to Denso Wave, "[a]lthough DENSO WAVE would retain the patent rights to the QR Code, it declared that it would not exercise them[,]" and this decision was a factor "that contributed greatly to spreading the use of the code[.]" *Id.* Today, "[e]veryone can use the QR Code freely as long as following the standards for QR Codes in JIS or ISO." "About the Patent," QRCode.com, *available at* http://www.qrcode.com/en/patent.html (last visited May 21, 2018).

12.      Following Denso Wave's dedication of the QR format to the public decades ago, QR codes have since been used by companies and organizations all over the world, and were even approved in 2000 by the International Standards Organization ("ISO") as one of its international standards. *See id.* at Section 3.

13.      By the early 2000s, the QR format was widespread in industrial, commercial, and consumer settings.

1.      **QR Codes Everywhere video**

14.      For example, a video titled "QR Codes Everywhere," provides details regarding the functionality and prevalence of QR Codes in the year 2008, and on information and belief was

posted    December    22,    2008    on    YouTube.com    at    the    URL
https://www.youtube.com/watch?v=2vS3R2u7sXA ("QR Codes Everywhere video").

15.     The "QR Codes Everywhere" video explains that no later than 2008, "all [a user would] have to do is grab a phone that has a barcode scanner on it, and *almost all phones shipping to the States now from Nokia include this*, this is the Google phone – they have a project called Zebra Crossing – iPhone has *a ton of applications*[.]" *Id.* at timecode 0:56 (emphasis added).

16.     The "QR Codes Everywhere" video additionally explains that "[i]n the UK, they [QR codes] are expected to be *the hottest trend in 2009*[.]" *Id.* at timecode 0:20 (emphasis added).

17.     The "QR Codes Everywhere" video provides instruction to users on the operation and use of QR Codes:

a.     First, the video explains that a practical use of QR codes was associating such QR codes with products/or services, on information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint. *See id.* at timecode 0:43 ("a practical use for a QR Code on a business card is when I hand my business card to somebody and I want them to add my contact information to their cell phone, because inherently I'm giving it to them because I want them to call me, all they have to do is grab a phone that has a barcode scanner on it"); *and see* Complaint at ¶¶ 24, 38, & 52.

b.     On information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the video additionally then provides that the user would use a phone to 'capture[] a digital image of a QR code':



*Id.* at 1:11 ("So you take your phone that has a barcode scanner and a camera, hold it up to the business card with the QR code there"); *see also* video frame at *id.* (phone displaying message: "Place a barcode inside the viewfinder rectangle to read it"); *and see* Complaint, at ¶¶ 25-26, 39-40, & 53-54.

c.   In the video, and based on OtterBox's understanding of the allegations of Symbology's Complaint, the featured application is demonstrated as capturing a digital image of a QR Code associated with a business card with no interaction by the user.  *Id.* at timecode 1:21.

d.   Once captured, the QR code is processed by scanning technology loaded onto the camera phone.  On information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the scanning technology detects symbology (here, a QR code) associated with an object (here, content information for the individual's business card relating to products or services):



*Id.* at timecode 1:21; *and see* frame at *id.* (phone displaying message: "Found contact info" with prompts for user regarding actions to be taken); *id.* at timecode 1:22 ("Then what we have is the ability to make a call instantly from that information, save it as a contact, or send an email."); *see also* Complaint, at ¶¶ 27, 41, & 55.

e.  On information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the scanning technology is used to decode the symbology (here, a QR code) to obtain a decode string. *Id.* at 1:42 ("You can also put a URL in -- so we were mentioning print ads, so if you have a print ad and you want to drive people to a special landing page you can go directly there and sign up an email newsletter, things of that nature."). *See* Complaint, at ¶¶ 27, 41, & 55.

f.  On information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, and on information and belief, the decode string is sent to a remote server for further processing, which in turn sends information associated with the QR code that is received by the user of the camera phone and displayed on a display of that smartphone:



*Id.* at timecode 2:53; *see also id.* 2:24-2:56 (demonstrating use of QR code to launch URL); *and see* Complaint, at ¶¶ 27, 41, & 55.

g.      After detecting the QR code, and on information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the application is configured to alert the user when an image containing a QR code has been detected (here, once the QR code is scanned the user receives notification asking whether to open the referenced website).  *See id.* at timecode 2:53.

**2.      QR Code Business Cards video**

18.      Another video titled "QR Code Business Cards" was posted on YouTube.com, and on information and belief was available no later than September 25, 2009 at the URL https://www.youtube.com/watch?v=VEuX23iy2A4 ("QR Code Business Cards video").

19.      The "QR Code Business Cards" video describes an offer for sale of a business card printed product including a QR code and instructions for recipients of the business card on the operation of QR codes:



*Id.* at timecode 0:46.

20.     On information and belief based on OtterBox's understanding of Symbology's Complaint, the QR Code Business Cards video demonstrates the capture of a digital image of a QR code on the business card, with no interaction by the user:

| | |
|---|---|
|  |  |
| *Id.* at timecode 0:57. | *Id.* at timecode 0:58 (displaying prompt "Add Contact"). |

21.     In the video, the featured application is demonstrated as capturing a digital image of a QR Code associated with a business card with no interaction by the user.  *Id.* at timecode 1:21.

22.     On information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the "QR Code Business Cards" video demonstrates an application configured to alert the user when an image containing a QR code has been detected.  In this

example, the application presents the user with a screen containing contact information from the business card and an option to "Add Contact":



Id. at timecode 0:58.

### 3.   Introduction to QR Codes video

23.   Another video titled "Introduction to QR Codes" was posted on YouTube.com, and on information and belief was available no later than August 20, 2009 at the URL https://www.youtube.com/watch?v=LMKLwFEiwOc ("Introduction to QR Codes video").

24.   The "Introduction to QR Codes" video explains that QR codes "***often feature URLs that direct users to sites*** that provide more information about the QR tagged object or place, thus hyperlinking the physical world to the Internet." *Id.* at timecode 0:15 (emphasis added).

25.   The "Introduction to QR Codes" video goes on to explain that "decoding software on mobile devices such as camera phones interprets the codes[.]" *Id.* at timecode 0:30.

26.   The video "Introduction to QR Codes" then goes on to explain the process for using a QR Code:

> "Using the decoding software application, such as 'Barcodes', is quite simple.  Take a photo, the desired QR Code, from at least two feet away.  Then adjust the photo so the QR code is centered on your screen.  Allow the software application to process the code.  Once it decodes it, it will bring you to its hidden text or URL."

*Id.* at timecode 0:54 - 1:32.

27.     As demonstrated in the "Introduction to QR Codes" video, once the software application decodes the QR code,  and on information and belief based on OtterBox's understanding of the allegations of Symbology's Complaint, the software application is configured to alert the user when an image containing a QR code has been detected:



*See id.* at timecode 0:39; *and see* Complaint, at ¶¶ 29, 43, & 57.

28.     In addition to the publicly available demonstrations of the QR code format discussed herein, the Patents-in-Suit themselves even acknowledge the widespread use of QR codes, for example, U.S. Patent Nos. 8,424,752 at 3:31-33 states "Examples of applications that allow scanning [of QR codes] include Neomedia's Neo Reader, Microsoft's Smart Tags, Android's Shop Savvy, Red Laser, ScanBuy, etc.").

29.     Symbology filed this action on April 13, 2018 accusing OtterBox of infringing the Patents-in-Suit based solely on Otterbox's alleged use of the very same QR code technology that was invented in 1994 and dedicated to the public by Denso Wave and, on information and belief based on OtterBox's understanding of Symbology's allegations, relating to conduct demonstrated in public use before the filing dates of the Patents-in-Suit.

### First Counterclaim
### (Declaration of Non-Infringement)

30.     OtterBox hereby realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31.     By filing its Complaint, Symbology has purported to assert a claim for infringement.

32.     OtterBox denies Symbology's allegations of infringement of United States Patent Nos. 8,424,752; 8,651,369; and 8,936,190 (collectively, the "Patents-in-Suit") and believes that the Complaint has been filed without good cause.

33.     An actual and justiciable controversy has arisen between OtterBox and Symbology concerning the infringement of the Patents-in-Suit.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, OtterBox requests a declaration from this Court finding that each of the Patents-in-Suit are not infringed by OtterBox or any OtterBox product, either literally or under the doctrine of equivalents.

## Second Counterclaim
## (Declaration of Invalidity)

35.     OtterBox hereby realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

36.     The asserted claims of the Patents-in-Suit are unpatentable under at least 35 U.S.C. § 101 at least as they are directed to the abstract idea of data recognition and retrieval with no inventive concept.

37.     Symbology's purported claims for infringement of the Patents-in-Suit are barred in whole or in part because one or more claims of the Patents-in-Suit are additionally invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, OtterBox requests a declaration from this Court finding that each of the Patents-in-Suit are invalid.

## DEMAND FOR JURY TRIAL

39.     OtterBox hereby demands a trial by jury on all issues and claims so triable.

40.     By filing its Complaint, Symbology has purported to assert a claim for infringement.

41.     An actual and justiciable controversy has arisen between OtterBox and Symbology concerning the validity and patentability of the claims of United States Patent Nos. 8,424,752; 8,651,369; and 8,936,190.

42.     OtterBox is entitled to judgment from this Court finding that each of the asserted claims of the Patents-in-Suit are not infringed; and are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitations, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox respectfully requests that judgment be entered in favor of OtterBox and against Symbology and further prays that the Court grant the following relief to OtterBox:

A.     A judgment in favor of OtterBox and against Symbology on all counts;

B.     All costs incurred in this matter;

C.     Reasonable attorneys' fees pursuant to at least 35 U.S.C. § 285;

D.     A declaration that the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitations, 35 U.S.C. §§ 101, 102, 103, and 112;

E.     A declaration that OtterBox has not infringed and is not infringing any claim of the Asserted Patents;

F.     Dismissal of the Complaint with prejudice;

G.      Further relief as the Court may deem just and proper.


Dated: May 31, 2018                    Respectfully Submitted,

                                       */s/ James Beard*
                                       Garret Leach, P.C.
                                       KIRKLAND & ELLIS LLP
                                       300 North LaSalle
                                       Chicago, IL 60654
                                       Telephone:    (312) 862-2000
                                       Facsimile:    (312) 862-2200
                                       Email: garret.leach@kirkland.com

                                       James Beard
                                       KIRKLAND & ELLIS LLP
                                       555 California Street
                                       San Francisco, California 94104
                                       Telephone:    (415) 439-1689
                                       Facsimile:    (415) 439-1500
                                       Email: james.beard@kirkland.com

                                       *Attorneys for Defendant*
                                       *Otter Products, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2018, a true and correct copy of the foregoing document

was served via CM/ECF to all counsel of record.

<u>/s/ James Beard</u>
James Beard