# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**OTTER PRODUCTS, LLC,**<br><br>Defendant. | C.A. No. 1:18-cv-00879-MEH<br><br>**TRIAL BY JURY DEMANDED** |

## SYMBOLOGY INNOVATIONS LLC'S RESPONSE TO COUNTERCLAIMS

Plaintiff and Counterdefendant Symbology Innovations, LLC ("SI") hereby responds to and answers the Counterclaims (Dkt. No. 32) of Defendant and Counterclaimant Otter Products, LLC ("OtterBox" or "Counterclaimant") as follows:

### THE PARTIES

1.  SI admits the allegations in Paragraph 1.

2.  SI admits the allegations in Paragraph 2.

3.  SI admits the allegations in Paragraph 3.

4.  SI admits that it does not sell or manufacture products. SI denies any and all remaining allegations in Paragraph 4.

### JURISDICTION AND VENUE

5.  Paragraph 5 requires no response from SI. SI re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-4 with the same force and effect as if fully rewritten herein.

6.  SI admits that the counterclaims purport to arise under the patent laws of the United States, Title 35, United States Code and that jurisdiction of this Court is proper under 35

U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201–02. SI denies any and all remaining allegations in Paragraph 6.

7.      SI admits the allegations in Paragraph 7.

8.      SI admits that venue is proper this district pursuant at least 28 U.S.C. § 1400. SI denies any and all remaining allegations in Paragraph 8.

## FACTUAL BACKGROUND

9.      SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore denies them.

10.     SI admits that Denso Wave went on to obtain certain patents including at least United States Patent Nos. 5,691,527 (issued Nov. 25, 1997); 5,726,435 (issued Mar. 10, 1998); and 7,032,823 (issued Apr. 25, 2006) (collectively, the "Selected Denso Patents") and those mentioned in the QRCode.com website http://www.qrcode.com/en/patent.htm. SI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10, and therefore denies them.

11.     SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and therefore denies them.

12.     SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and therefore denies them.

13.     SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore denies them.

14.     SI admits that the video titled "QR Codes Everywhere," provides some details regarding some of the functionality of QR Codes. SI, however, is without knowledge or

information sufficient to form a belief as to the truth of those details and of the truth of the remaining allegations set forth in Paragraph 14, and therefore denies them.

15. SI admits that the "QR Codes Everywhere" video includes the statement in quotation marks reproduced in Paragraph 15. SI, however, is without knowledge or information sufficient to form a belief as to the truth of said statement, and therefore denies it.

16. SI admits that the "QR Codes Everywhere" video includes the statement in quotation marks reproduced in Paragraph 16. SI, however, is without knowledge or information sufficient to form a belief as to the truth of said statement, and therefore denies it.

17. SI admits that the "QR Codes Everywhere" video includes the statements in quotations marks reproduced in Paragraph 17. SI, however, is without knowledge or information sufficient to form a belief as to the truth of those statements, and therefore denies them. SI denies any and all remining allegations in Paragraph17.

18. SI admits that a video titled "QR Code Business Cards" was posted on YouTube.com. SI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19. SI denies the allegations in Paragraph 19.

20. SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and therefore denies them.

21. SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore denies them.

22. SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore denies them.

23. SI admits that a video titled "Introduction to QR Codes" was posted on YouTube.com. SI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies them.

24. SI admits that the "Introduction to QR Codes" video includes the statement in quotations marks reproduced in Paragraph 24.  SI, however, is without knowledge or information sufficient to form a belief as to the truth of said statement, and therefore denies it.

25. SI admits that the "Introduction to QR Codes" video includes the statement in quotations marks reproduced in Paragraph 25.  SI, however, is without knowledge or information sufficient to form a belief as to the truth of said statement, and therefore denies it.

26. SI admits that the "Introduction to QR Codes" video includes the statement in quotations marks reproduced in Paragraph 26.  SI, however, is without knowledge or information sufficient to form a belief as to the truth of said statement, and therefore denies it.

27. SI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore denies them.

28. SI admits that U.S. Patent No. 8,424,752 at 3:31-33 states "Examples of applications that allow scanning [of QR codes] include Neomedia's Neo Reader, Microsoft's Smart Tags, Android's Shop Savvy, Red Laser, ScanBuy, etc."). SI denies any and all remaining allegations in Paragraph 28.

29. SI admits that it filed this action on April 13, 2018 accusing OtterBox of infringing the Patents-in-Suit. SI denies any and all remaining allegations in Paragraph 29.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

30. Paragraph 30 requires no response from SI. SI re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-29 with the same force and effect as if fully rewritten herein.

31. SI admits the allegations in Paragraph 31.

32. SI admits that OtterBox purports to deny infringement of the Patents-in-Suit. SI denies any and all remaining allegations in Paragraph 32.

33. SI admits the allegations in Paragraph 33.

34. SI admits that OtterBox, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., purports to request a declaration from this Court finding that each of the Patents-in-Suit are not infringed by OtterBox or any OtterBox product, either literally or under the doctrine of equivalents. SI denies any and all remaining allegations in Paragraph 34.

## COUNT II
## DECLARATION REGARDING INVALIDITY

35. Paragraph 35 requires no response from SI. SI re-alleges and incorporates by reference the statements and allegations set forth in paragraphs 1-34 with the same force and effect as if fully rewritten herein.

36. SI denies the allegations in Paragraph 36.

37. SI denies the allegations in Paragraph 37.

38.     SI admits that OtterBox, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., purports to request a declaration from this Court finding that each of the Patents-in-Suit are invalid. SI denies any and all remaining allegations in Paragraph 38.

## DEMAND FOR JURY TRIAL

39.     SI admits that OtterBox purports to demand a trial by jury. SI denies any and all remaining allegations in Paragraph 39.

40.     SI admits the allegations in Paragraph 40.

41.     SI admits the allegations in Paragraph 41.

42.     SI denies the allegations in Paragraph 42.

## PRAYER FOR RELIEF

Counterclaimant's Prayer For Relief requires no answer. To the extent that an answer is required, SI denies any and all allegations in the Prayer For Relief and denies that Counterclaimant is entitled to any relief, including any declaration, injunction, costs, attorneys' fees, expenses, or any other relief of any kind, including, without limitation, subparagraphs (A) through (G) of Counterclaimant's Prayer For Relief.

## GENERAL DENIAL

SI denies each and every allegation in the Counterclaims to which SI has not specifically responded and expressly admitted, including any allegations that may be implied by or inferred from the headings of the same.

## AFFIRMATIVE DEFENSES

**First Defense**
**(Failure to State a Claim)**

1. The Counterclaims fail to state a claim upon which relief can be granted. The Counterclaims do not meet the pleading requirements set forth in the Federal Rules of Civil Procedure as explained by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, the Counterclaims fail to properly allege non-infringement of the Asserted Patents as well as invalidity under the provisions of Title 35, United States Code.

### Second Defense
### (No Exceptional Case or Attorney's Fees)

2. Counterclaimant cannot meet the requirements for an exceptional case or an award of attorney's fees pursuant to 35 U.S.C. § 285.

### Third Defense
### (Reservation of all affirmative defenses)

3. SI reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

### PRAYER FOR RELIEF

The Counterclaims should be dismissed, and the relief SI prays for in the Complaint should be granted.

Dated: July 18, 2018              Respectfully Submitted,

                                  By: */s/Eugenio J. Torres-Oyola*
                                  Eugenio J. Torres-Oyola
                                  USDC No. 215505
                                  **Ferraiuoli LLC**
                                  221 Plaza, 5th Floor
                                  221 Ponce de León Avenue

San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
SYMBOLOGY INNOVATIONS LLC**